**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0633-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

AUSTIN CLARK,

    Defendant-Appellant.

_____

> Submitted March 12, 2024 – Decided March 19, 2024
>
> Before Judges Haas and Gooden Brown.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 13-12-3187 and 14-12-3442.
>
> Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).
>
> William Reynolds, Atlantic County Prosecutor, attorney for respondent (John Joseph Santoliquido, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Austin Clark appeals from a Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

An Atlantic County grand jury returned two indictments charging defendant with a number of offenses arising from separate incidents. Defendant pled guilty to two counts of first-degree robbery, one count of second-degree conspiracy to commit robbery, and one count of carjacking. Pursuant to his negotiated plea agreement, the trial judge sentenced defendant to concurrent ten-year terms in prison on the two robbery counts, concurrent to a five-year term for conspiracy. The judge also sentenced defendant to a consecutive fifteen-year term for carjacking. Thus, defendant's aggregate term was twenty-five years, subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant filed a timely petition for PCR. He argued that his attorney provided him with ineffective assistance because he failed to adequately argue that defendant's age at the time of the offenses[1] should be considered by the trial judge in determining an appropriate sentence. Defendant argued that even

---

[1] Defendant was nineteen years old when he committed the offenses in June 2013.

A-0633-22

though a defendant's age was not a statutory mitigating factor at the time of sentencing,[2] his attorney should have provided the trial judge with expert testimony and studies explaining why his youth warranted a lesser sentence than that set forth in the negotiated plea.

Following oral argument, the PCR judge rendered a comprehensive written decision, concluding that defendant did not satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different. The PCR judge reviewed the sentencing transcript and found that defendant's attorney did bring defendant's age to the sentencing judge's attention and argued for a reduced sentence.

While the attorney did not bring in an expert, he argued that "like many young men[,] [defendant's] brain hasn't matured yet. And that's true. They say that men's brains don't mature physically, the frontal lobes, until they're [twenty-five], when they [sic] are a million reasons for that, I believe. But that's who we're dealing with now." The attorney referred to defendant as "a kid who is,

---

[2] N.J.S.A. 2C:44-1(b)(14), which became effective on October 19, 2020, defines a mitigating circumstance when "[t]he defendant was under [twenty-six] years of age at the time of the commission of the offense." Our Supreme Court has held that this sentencing provision is to be given prospective application only. State v. Lane, 251 N.J. 84, 96-97 (2022).

you know, barely an adult when these offenses took place."  He told the trial judge his client was a "bright kid" and named the grammar and high schools he attended in the area.

Under these circumstances, the PCR judge found that even though this line of argument was ultimately not successful, defendant's attorney adequately presented his age-based contention to the trial judge.  In addition, defendant failed to demonstrate that the outcome of the sentencing would have been different if defense counsel had presented expert testimony on this subject.  As noted above, defendant received the minimum term of imprisonment for the two robbery charges and the conspiracy charge, and a sentence at the lower-end of the range for carjacking.  This appeal followed.

On appeal, defendant argues that he was "entitled to an evidentiary hearing on his claim that counsel rendered ineffective assistance by failing to advocate adequately at sentencing."  We disagree.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific

4

facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced him. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz,

5

105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in the PCR judge's written opinion. We discern no abuse of discretion in the judge's consideration of the issues, or in her decision to deny the petition without an evidentiary hearing. We are satisfied that defense counsel's performance was not deficient, and defendant failed to sustain his burden of demonstrating prejudice as required by the Strickland test.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0633-22